435 F.2d 137
 Bettye MORRIS et al., Plaintiffs-Appellants,
v.
ALABAMA STATE DEPARTMENT OF INDUSTRIAL RELATIONS et al., Defendants-Appellees.
 No. 30227 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 November 24, 1970.
 
 Linda S. Lombard, Louis A. Mezrano, Birmingham, Ala., Dennis R. Yeager, Douglas Broadwater, New York City, for appellants.
 T. W. Thagard, Montgomery, Ala., L. Drew Redden, C. F. Zukoski, Jr., Jerome A. Cooper, Cooper, Mitch & Crawford, Birmingham, Ala., for appellees Jefferson County Committee for Economic Opportunity, Raymond Sumrall and G. David Singleton.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bettye Morris, Betty White and Diane Walker, plaintiffs-appellants, seek reversal of an order entered by the district judge dismissing their complaint against the Jefferson County Committee for Economic Opportunity (hereinafter JCCEO) on the basis of this outline pleading alone. Because we find that the complaint alleges a violation of the United States Constitution, we reverse and remand.
 
 
 2
 Plaintiffs alleged that they were trainees in the Jefferson County Concentrated Employment Program (hereinafter CEP), a federally financed employment training program. The defendants named were the Alabama State Department of Industrial Relations, Alabama State Employment Service, Alabama State Department of Education, Alabama State Department of Vocational Education, Birmingham Skill Center, Inc., JCCEO, and the various directors and supervisory personnel of these agencies.
 
 
 3
 In general, the complaint charged that the defendants operated CEP in a manner which created causes of action under the Fourteenth Amendment to the United States Constitution, federal statutes, and various contracts. Appellee JCCEO played an integral part in the CEP program since it had the prime contract for the United States Department of Labor, by which the program was funded.
 
 
 4
 The complaint with specificity attacks the overall effectiveness of CEP by pointing to the disproportionately large number of Negro trainees, the "holding" status employed by CEP, the termination of training allowances, and the discriminatory placing of Negro trainees in menial jobs. Neither the program nor the placement of trainees, they charge, has been equal to that of whites. These allegations, if true, clearly state a claim upon which relief can be granted.
 
 
 5
 While the reversal rate for all dismissals at the pleading stage is high, Pred v. Board of Public Instruction of Dade County, Fla., 415 F.2d 851 (5 Cir., 1969), sounded an even surer death knell for pleadings dismissals where the complaint raises serious questions of constitutional law.
 
 
 6
 Just as the veracity of the complaint should not be determined at the pleading stage, so we disclaim the slightest whisper of an intention of now passing on the truth of any allegation within the complaint. We would only emphasize this Circuit's commitment to the principle that "* * * an ascertainment of the real facts — not just what the lawyers say the facts are or amount to — is indispensable in marking the contours of rights so vital to * * * the individual * * *" Pred, supra, at 859.
 
 
 7
 This case must be reversed and remanded so that such real facts as the plaintiffs can prove may be hammered onto the framework which the complaint has erected. This is the way to avoid "[an] unsoundness — both administratively and substantively — of trying, in the orbital atmosphere of this dynamic era, to resolve new, but serious, questions of constitutional law on barebones pleadings." Pred, supra, at 852.
 
 
 8
 Reversed and remanded.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409